## In re OCONEE MILLING CO.

### ROSS v. J. S. SCOFIELD'S SONS CO.

(Circuit Court of Appeals, Fifth Circuit. May 31, 1901.)

No. 1,058.

BANKRUPTCY—LIENS—SPECIAL LIEN UNDER GEORGIA STATUTE.

A manufacturer of machinery, who furnishes machinery and repairs for a steam sawmill owned and operated by a corporation, and other articles of equipment necessary or proper for the operation of such mill, such as trucks and wheels for tram cars used in handling logs and lumber at the mill, is entitled to a special lien on the mill property therefor, under Civ. Code Ga. 1895, § 2801, which, when properly recorded, is entitled to preferential payment from the proceeds of such property sold in bankruptcy proceedings against the owner.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of Georgia in Bankruptcy.

J. S. Scofield's Sons Company intervened in the bankruptcy proceedings against the Oconee Milling Company, claiming the right to payment in full from the proceeds of the bankrupt's property on the ground that it was entitled to a lien on the mill property, under the statutes of Georgia, for a balance due on the price of machinery and repairs for such mill. Its account covered, in addition to repairs made on stationary machinery, charges for trucks, axles, and wheels for tram cars used in connection with the mill, and other similar articles. The claim to a lien and preferential payment was disallowed by the referee as to such charges, but the court, by Speer, district judge, sustained exceptions to the referee's report, and sustained the intervener's contention in full. The claim to a lien was based on Civ. Code Ga. 1895, § 2801.

Geo. S. Jones, Isaac Hardeman, B. M. Davis, and C. A. Turner, for petitioner.

Claude Estes, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. On a petition for a revision under the bankruptcy act this court deals only with questions of law, and, as to the law of this case, the ruling of the district judge and his opinion filed in the record are correct. The petition for revision is denied.